THE BANK OF HAWAII, LIMITED, A TAXPAYER, *v.* JAMES M. MUIR, TAX ASSESSOR FOR THE THIRD TAXATION DIVISION.

No. 1797.

SUBMITTED FEBRUARY 17, 1928.     DECIDED FEBRUARY 21, 1928.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

By mesne assignments from the original lessee the plaintiff, in November, 1922, became the holder of a lease

granted by the Republic of Hawaii of certain lands with the improvements thereon situate in Hilo on the Island of Hawaii. The lease was for the term of thirty years commencing with the 7th day of April, 1897, and ending with the 6th day of April, 1927. It contained a covenant that the lessee, his executors, administrators and assigns "shall and will from time to time, during the term of this lease, bear, pay and discharge all taxes, charges, impositions and assessments, ordinary or extraordinary, which may hereafter, at any time during the continuance of the said term, be laid, imposed, assessed or charged on the said demised premises, or any part thereof, or upon any improvements made or to be made thereon." Section 487, R. L. 1925, provides that "for the purpose of taxation the value of general leases hereafter executed shall be the value of the fee of the real estate demised, and the lessees shall be assessed thereon accordingly; such leases shall be void upon default in the payment of taxes thereon for sixty days after such taxes have become delinquent."

For the year 1927 the plaintiff returned for taxation the leased land and the one building thereon at a total of $6,927.77 and the tax assessor thereafter assessed the same property at a valuation of $26,340. Both the return and the assessment were made as of January 1, 1927. After an appeal by the taxpayer to the proper tax appeal court, which appeal is still pending, the parties have submitted to this court upon the foregoing agreed facts the question in difference between them, that question being whether under the lease the lessee is obligated to pay the taxes for the year 1927 upon the full cash value of the fee simple title to the property or upon the proportionate part only of that value which the portion of the year 1927, from January 1 to April 7, bears to the whole year.

The language in which the covenant of the lease is expressed is entirely unambiguous. It requires the lessee

to bear and pay all taxes which may "at any time during the continuance" of the term of the lease be assessed against the demised premises. It is equally clear that under the statutes of this Territory all property is assessed as of January 1 of each year and upon the full cash value of the property as of that date. Section 1285, R. L. 1925, provides that "all taxes shall be assessed as of, and be due and payable on and after January 1 in each year, except as otherwise provided by law" and that "all taxpayers shall make returns of their property and the value thereof between January 1 and January 31, both inclusive, in each year." Section 1317 provides that "property shall be assessed each year with reference to the quantity and value of the same on January 1 of such year, except as by this chapter otherwise provided." The present case falls within these ordinary rules and not within any exception. The parties are agreed that the full cash value of the fee simple title to the property on January 1, 1927, was $26,340, the precise amount of the assessment. The assessment, therefore, was correctly made in that amount and under the clear terms of the covenant of the lease the lessee obligated itself to pay such assessment as might lawfully be made against the premises as of January 1, 1927, which was within the term of thirty years for which the lease was to continue in existence. Nor can it be said that there is any injustice, in fact, to the lessee for it appears from the statement of agreed facts that the same provisions of the statutes and of the covenant which operate now to require the lessee to pay the taxes for the whole of the year 1927, while holding the land for only a portion of the year (about three and one-fourth months), operated likewise in 1897 to enable the lessee to hold the property for the other part of the year (about eight and three-fourths months) free from the payment of any taxes for that year.

Judgment accordingly, in favor of the tax assessor.

*C. S. Carlsmith* for the taxpayer.

*W. B. Lymer,* Attorney General, and *H. R. Hewitt,* First Deputy Attorney General, for the tax assessor.